IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES R. WALSH, ESQ., Trustee of the Bankruptcy Estate of Barbara A. Reott, </br></br>      Movant/Appellee, </br></br> -vs- </br></br>BARBARA A. REOTT, </br></br>      Respondent/Appellant. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) Civil Action No. 06-240 </br> ) </br> ) Bkcy. No. 05-29006BM </br> ) </br> ) |

AMBROSE, Chief District Judge.

# OPINION
# and
# ORDER OF COURT

On July 12, 2005, Barbara A. Reott ("Reott") filed a voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.  In conjunction with that filing, Reott disclosed an interest in a Travelers Life and Annuity 403(b) annuity valued in the amount of $15,134.98.  The annuity was sponsored by Reott's employer, Westmoreland Hospital.

In her Schedule C, Reott elected the federal exemptions provided in 11 U.S.C. § 522(d), and claimed the Travelers Life and Annuity 403(b) as exempt pursuant to 11 U.S.C. § 522(d)(10)(E).  The Trustee filed his Objections to Reott's claim of exemptions.  The Trustee argued that the exemption was not available because Reott was under the age of retirement and was not then receiving monthly benefit payments

1

because of illness or disability.  The Bankruptcy Court disallowed the exemption without an Opinion.  Reott then appealed to this Court.

## STANDARD OF REVIEW

"A district court's appellate review of a bankruptcy court's decision is two-fold. The bankruptcy court's findings of fact shall not be set aside unless clearly erroneous. <u>Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Ins.</u>, 57 F.3d 1215, 1223 (3d Cir. 1995).  A bankruptcy court's legal conclusions, however, are subject to plenary review." <u>Skiba v. Auman</u>, Civ. No. 5-261, 2006 WL 278153 at * 1 (W.D. Pa. Feb. 3, 2006).

## ANALYSIS

Section 522(d)(10)(E) of the Bankruptcy Code provides that a debtor may exempt his or her right to receive:

> (E) a payment under a stock bonus, pension, profit sharing, annuity or similar plan on account of illness, disability, death, age or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor... .

11 U.S.C. § 522(d)(10)(E).  Thus, Reott must meet three requirements to exempt her annuity under this section: "(1) the right to receive payment must be from a stock bonus, pension, profitsharing, annuity, or similar plan or contract; (2) the right to receive payment must be on account of illness, disability, death, age, or length of service; and (3) even then, the right to receive payment may be exempted only to the extent that it is reasonably necessary to support the accountholder or his dependents." <u>Rousey v. Jacoway</u>, 544 U.S. 320, 326, 125 S. Ct. 1561, 1566 (2005)

2

(internal quotation marks omitted).

Reott's success turns on whether she can satisfy the third criteria. Citing to the decision in Clark v. O'Neill, 711 F.2d 21 (3d Cir. 1983), the Trustee argues that Reott cannot establish that her right to receive payments from her annuity is reasonably necessary for her support because she is not presently entitled to receive these payments. Reott concedes that the Third Circuit court's decision in Clark stands for the proposition that the third requirement cannot be met where the debtor has only a future right to receive payments. See Docket No. 2, p. 6-7. Nevertheless, Reott insists that the Supreme Court effectively overruled Clark in Rousey v. Jacoway, 544 U.S. 320, 125 S. Ct. 1561 (2005). In Rousey, the Supreme Court determined that an IRA qualified as a "similar plan or contract" under § 522(d)(10)(E), and that an IRA provides for a right of payment "on account of age" for purposes of § 522(d)(10)(E). Rousey, 125 S. Ct. At 1566-67.

I disagree with Reott's reading of Rousey. The Rousey court addressed only the first two requirements under § 522(d)(10)(E). The third requirement, which is at issue here, was not discussed. Further, though the appellant in Rousey briefed, in detail, the Clark decision, the Supreme Court made no mention of it in Rousey. Finally, several courts in this District which have examined whether Clark remains good law in the wake of Rousey concluded that it does. See In re Andrezejewski, 337 B.R. 835 (Bankr. W.D. Pa. 2006); In re Cynthia Benson, 2005 Bankr. LEXIS 2760 (Bankr. W.D. Pa. 2005); In re Thomas F. Reutzel, 2005 Bankr. LEXIS 2759 (Bankr. W.D. Pa. 2005) and Skiba v. Auman, Civ. No. 50261, 2006 WL 278153 (W.D. Pa. Feb. 3, 2006). Although

3

the <u>Clark</u> decision has been criticized by many courts, it remains binding law in this circuit.

Accordingly, Reott is not entitled to exempt the annuity under 11 U.S.C. § 522(d)(10)(E).  The decision of the Bankruptcy Court is affirmed.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES R. WALSH, ESQ., Trustee of the Bankruptcy Estate of Barbara A. Reott,<br><br>      Movant/Appellee,<br><br> -vs-<br><br>BARBARA A. REOTT,<br><br>      Respondent/Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 06-240<br>)<br>)  Bkcy. No. 05-29006BM<br>)<br>) |

AMBROSE, Chief District Judge.

## **ORDER OF COURT**

AND NOW, this **23rd** day of May, 2006, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is Ordered that the decision of the Bankruptcy Court is Affirmed. This case is closed.

                              BY THE COURT:


                              /S/   Donetta W. Ambrose

                              Donetta W. Ambrose,
                              Chief U. S. District Judge